McCARTY
*v.*
ZACHARIE.

---

## L. D. WHIPPLE *v.* P. HERTZBERGER et al.

No privilege is granted by law to one who furnishes feed for the horses of a keeper of a line of omnibuses employed on such line.

The seizure and even the sale of property does not deprive the vendor of his privilege, so long as the property, or its proceeds, are in the hands of the Sheriff, syndic, administrator, etc., and the property has not been sold confusedly with a mass of other things belonging to the vendee. C. C., 3195.

An amendment to the judgment of the lower court, by embracing within it the name of one of the opponents, accidentally omitted, is irregular. But if the record contains evidence which shows that judgment in the same form should be immediately pronounced, the decree will be affirmed by the Supreme Court.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.

*Lugenbühl*, for plaintiff and appellant. *Janin, St. Paul & Bouny, Preaux, Holland, Budd & Lambert* and *Saucier*, for different defendants.

MERRICK, C. J.   The plaintiff complains of the judgment of the lower court, because it recognized the privilege of the vendor upon the movables which he had seized under execution, and because the judgment of the lower court was amended after it was rendered, without ordering a new trial, and because it refused to the plaintiff a privilege for feed furnished for the horses used for the line of omnibuses kept by *Hertzberger*.

The law does not seem to have accorded a privilege to him who has furnished feed to the keeper of a line of omnibuses for the horses employed in such line.

Although the seizure has the effect to take the property out of the custody of the debtor, the vendee, yet the seizure and even the sale of it does not deprive the vendor of his privilege, so long as the property or its proceeds are in the hands of the Sheriff, syndic, administrator, etc., and the property has not been sold confusedly with a mass of other things belonging to the vendee. C. C., 3195.

We think the amendment of the judgment of the lower court, by embracing in it the name of one of the opponents accidentally omitted, without granting a new trial, was irregular. But as the testimony is in the record, and requires that the judgment should be immediately pronounced in the same form, we will affirm the decree, and award to the appellant the costs of the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, and that the appellees pay the cost of the appeal.