No. 502.

FRANK STEVENS *v.* OLDER & CHANDLER. P. T. BARNUM & CO. Intervenors.

Older & Chandler, the defendants in this case, were not the owners of the property attached. The document relied upon to establish their ownership is not an unconditional sale. It was a mere agreement that whenever they should pay a certain amount of money, the property should be transferred. In the meanwhile the property belonged to Barnum & Co., and was hired by them to Older & Chandler, and was not liable to be seized to pay the debts of the latter.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J.* Nutt & Leonard, N. C. Blanchard, for plaintiff and appellee. *T. Alexander* and *A. N. O. Hicks,* for intervenors and appellants.

MORGAN, J. On the twenty-third January, 1873, P. T. Barnum & Co., owners of a museum, menagerie and circus, then in Algiers, Louisiana, agreed to rent their show to Older & Chandler, giving to them the right to purchase the same, and Older & Chandler agreed to

purchase it.   The price of the show was fixed at $50,000, and the rental thereof it was agreed should be seven per cent. per annum on that valuation, commencing from the first January, 1873, Barnum & Co. agreeing to assist Older & Chandler to equip and place the show on the road if necessary, and to advance them $5000 for that purpose.

All the receipts of the show over and above its daily expenses, and a reserve of $2000, to be kept in the treasury in case of emergency, was to be remitted daily to P. T. Barnum & Co.   The funds thus remitted were to be applied, first, to the repayment of whatever money might have been advanced for equipping the show; second, to the rental of the show, and, third, to the purchase thereof.   When the last named sum should have amounted to $50,000, Barnum & Co. agreed that they would convey the entire property to Older & Chandler.   It was further agreed that the name of Barnum should not be used on any bill, wagon or other property of the circus.   Barnum & Co. reserved the right to take the rhinoceros at $7000 in case the one they then had in New York should die.

Under this agreement the company started on its travels.   When it reached Shreveport its affairs seem to have been in a bad condition. The plaintiff, one of the employes, sued them.   As they were non-residents, he proceeded by attachment.   The property which comprised the show was attached.   It was subsequently sold.   Barnum & Co. intervened, asserted their right to the property, claimed the proceeds of the sale, and asked for damages in the sum of $10,000 and special damage as counsel fees for $500.

There was judgment in favor of the plaintiff and against the defendants, with privilege on the property attached, and dismissing the intervention and third opposition.   Barnum & Co. appeal.

Older & Chandler were not the owners of the property attached. The document relied upon to establish their ownership is not an unconditional sale.   It was a mere agreement that whenever they should pay a certain amount of money the property should be transferred.   In the meanwhile the property belonged to Barnum & Co., and was hired by them to Older & Chandler, and was not liable to be seized to pay their debts.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, in so far as it dismisses the intervention of P. T. Barnum & Co.; that said intervention be maintained, and the proceeds of the sale of the property attached herein be paid over to them, P. T. Barnum & Co., and that the right of the said P. T. Barnum & Co. to proceed for damages on the attachment bond be reserved; plaintiff to pay costs in both courts.

Rehearing refused.