In re NEW ORLEANS MILLING CO., Inc.

(District Court, E. D. Louisiana, New Orleans Division. March 9, 1920.)

No. 2387.

BANKRUPTCY ⨎188(2)—VENDOR HAD LIEN ON MACHINERY IN HANDS OF TRUSTEE.

Under the law of Louisiana, which gives a lien or privilege on movables sold for unpaid purchase money, so long as the property remains in possession of the purchaser and can be identified, which lien is not defeated by levy of an execution in favor of a third party, a claimant which made a conditional sale of mill machinery to bankrupt, although the contract retaining title was void under the state law, *held* entitled to a lien on the machinery in the hands of the trustee for the unpaid part of the purchase price.

In Bankruptcy. In the matter of the New Orleans Milling Company, Incorporated, bankrupt. On review of the order of the referee denying a lien to the Anglo-American Mill Company. Reversed.

Benjamin W. Dart, of New Orleans, La., for petitioner.

St. Clair Adams, of New Orleans, La., for trustee.

FOSTER, District Judge. This is a petition to review an order of the referee, denying the Anglo-American Mill Company (hereafter called the Mill Company) a lien on certain machinery sold the bankrupt.

The Mill Company sold certain machinery constituting a flour mill for $3,562.60 by a written contract. In form the contract is a license agreement, but clearly contemplates full title in the buyer on compliance with its terms, without any payment of continuing license fees. It provides for payment of $100 with the order, a further cash payment, $1,681.30, by sight draft with bill of lading attached, one note for $181.30, and eight notes for $200 each, to be dated at intervals of 2 to 18 months, the notes to be executed after the acceptance of the mill. The contract also contains a clause retaining title in the vendor until the machinery is fully paid for, and a further clause allowing the purchaser 30 days trial after the installation of the machinery before final acceptance.

The machinery was installed by a man sent by the Mill Company. Owing to the death of the president and superintendent of the bankrupt, it is not shown clearly when the mill was accepted; but the inference can be easily drawn from the facts appearing in the record that the mill was tried for the 30 days allowed by the contract, Mulvhill, secretary and treasurer of the bankrupt, signed the notes, and testified he could not remember when the notes were signed. The presumption may therefore be indulged that they were executed according to the contract and after the trial and acceptance of the mill. The Mill Company filed a proof of debt for $1,772.56, a balance on open account, and seven notes, for $200 each, with interest at 8 per cent. per annum and attorney's fees, claiming a vendor's lien under the laws of Louisiana on the machinery then in the possession of the trustee.

⨎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The mill was subsequently separately appraised and sold in the bankruptcy proceedings, and proceeds kept separate. The claim is now asserted against the proceeds.

The question presented can be easily determined by reference to the Louisiana law and jurisprudence. Conditional sales are not recognized in Louisiana. Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 South. 193, and authorities cited. The decisions only go to the extent, however, of holding the retained title to be void, and the sale vests title in the purchaser.

Another line of decisions holds that, where the purchase is made through an agent of the seller in Louisiana, or by correspondence, and title passes to the buyer only by the appropriation of the goods in another state, the contract is governed by the laws of that state. State v. Shields, 110 La. 547, 34 South. 673; Witt Shoe Co. v. Seegers & Co., 122 La. 145, 47 South. 444. The trustee relies on these decisions, but they are not in point.

In this case title did not pass by the signing of the contract, nor by the appropriation of the goods, nor by their shipment. The purchaser had the right to reject the mill after 30 days' trial in New Orleans. This was a suspensive condition, and made the contract executory in Louisiana. Civil Code, arts. 2044, 2460; McIlvaine & Speigel v. Legare et al., 36 La. Ann. 359; De La Vergne, etc., v. N. O. & W. Railroad Co., 51 La. Ann. 1734, 26 South. 455.

Under the law of Louisiana the vendor has a lien, or privilege, as it is called in the civil law, without the necessity of recording, on the movables sold, for the unpaid part of the purchase price, as long as the goods remain in the possession of the purchaser and can be identified. The giving of notes does not affect the lien, and it is not defeated by a seizure and sale of the goods under execution at the instance of a third person. Civil Code, art. 3227; Whipple v. Hertzberger, 11 La. Ann. 475; Newman v. Sheriff, 43 La. Ann 712, 9 South. 439.

As the sale from the Mill Company to the bankrupt must be regarded as a Louisiana contract, it follows the referee was in error in denying the lien on the proceeds in the hands of the trustee. The order of the referee will be reversed, and the Mill Company will be allowed a lien on the proceeds for the balance unpaid, with interest at 8 per cent. per annum up to date of sale, but not for the attorney's fees specified in the notes, subject, of course, to any debts having priority by law.

Reversed and remanded.