### In re BENTZ.

(District Court, E. D. Louisiana, New Orleans Division. July 27, 1920.)

No. 2367.

**Bankruptcy ⬠188(2)—Although conditional sale contract void, seller had lien for purchase money.**

   A contract, denominated a lease, under which bankrupt obtained possession of a display counter, on agreement to pay $125 rental in installments, with an option to purchase for $10, after such payments, *held* in fact a contract of conditional sale, and void, under the law of Louisiana; but the seller *held* entitled to a lien on the property for unpaid purchase money.

In Bankruptcy. In the matter of Henry C. Bentz, bankrupt. On petition of the Sherer-Gillett Company for review of order of referee. Amended and affirmed.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. J. Suthon, of New Orleans, La., for petitioner.
St. Clair Adams, of New Orleans, La., for trustee.

FOSTER, District Judge. This is a petition to review an order of the referee denying the petition of the Sherer-Gillett Company, an Illinois corporation, to be declared the owner of a display counter which was in the possession of the bankrupt and was sold by the trustee as part of the assets.

It appears the said fixture was delivered to the bankrupt under an agreement, in the form of a lease, by which the bankrupt agreed to pay $125—$5 cash; balance represented by one note for $120, payable in 20 monthly installments of $6. The agreement contained an option to the bankrupt to purchase the fixture for $10, after complying with all other conditions; also clauses maturing the note and giving the Sherer Company the right to void the lease and retake the property on default of the payment of any installment. The referee treated the contract as one of conditional sale, held it to be void under the law of Louisiana, and also denied the Sherer Company a lien on the property.

It is well settled that a contract of conditional sale is void under the law of Louisiana, and as pointed out in Barber Asphalt Paving Co. v. St. Louis Cypress Co., Ltd., 121 La. 152, 46 South. 193, and authorities cited, the form of the contract is immaterial, if the parties really intended a conditional sale. When the contract takes the form of a lease, the jurisprudence of Louisiana is not altogether harmonious. The petitioner in this case relies upon the decisions in Stevens v. Older & Chandler, 26 La. Ann. 634, and Doullut v. Rush, 142 La. 443, 77 South. 110, dealing with contracts in the form of a lease.

Without attempting to analyze and reconcile these decisions with the facts in the instant case, I think they can be distinguished and are not in point. The option to purchase would not vitiate the contract as a lease, but an option to buy for $10 a piece of property that has a rental value of $6 a month would hardly conform to the spirit and intent of the law of Louisiana regarding sales. See C. C. La. 2464. I think it was the intention of the parties to create a contract of conditional sale, cleverly disguised as a lease.

However, I think that the petitioner is equitably entitled to a lien on the proceeds of the property. It was separately sold; the amount is certain, and can be separated from the other assets. In re New Orleans Milling Co. (D. C.) 263 Fed. 254; Whipple v. Hertzberger, 11 La. Ann. 475; Succession of Bienvenu, 106 La. 595, 31 South. 193. To that extent the order of the referee will be amended.

Amended and affirmed.