**BEST TRAILER SALES, INC., Appellant,**

v.

**William C. SMITH, Trustee in Bankruptcy for Charles Ernest Douglas, Bankrupt, Appellee.**

**No. 25280.**

United States Court of Appeals
Fifth Circuit.

May 16, 1968.

Rehearing Denied July 24, 1968.

---

B. F. Stokes, III, Mobile, Ala., for appellant.

Thomas A. Johnston, III, Irvin J. Langford,. Mobile, Ala., for appellee; Howell, Johnston, Langford & Finkbohner, Mobile, Ala., of counsel.

Before TUTTLE and SIMPSON, Circuit Judges, and BREWSTER, District Judge.

TUTTLE, Circuit Judge:

This is an appeal from the judgment of the district court affirming the dismissal of a claim filed by Best Trailer Sales, Inc., claiming to be the owner of a house trailer involved in the bankruptcy of Charles Ernest Douglas.

The question presented to the referee, and now before us, is whether a contract by which Douglas acquired 'the trailer was a recordable instrument under the statutes of Alabama, Section 131, Title 47 of the Code of Alabama of 1940, as Amended.[1]

If it was such a recordable instrument, then the referee and the trial court were right in concluding that the objections filed by the appellant must be dismissed. Otherwise, the claim of appellant must be recognized, since it is only in case of a failure to record a document required by the statute to be recorded that the failure to comply with the requirements of the statute deprive the claimant of his right to repossession.

The facts are not in dispute. The failure of the appellant to make a record of the transcript of proceedings before the referee (we understand none was actually taken down stenographically) is unimportant, because we agree with the referee when he stated that the question

---

1. This statute provides as follows:

"§ 131. (6898) (3394) (1017) CONDITIONAL SALES, LEASES, ETC. To be Recorded.—All other contracts for the conditional sale of personal property by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum of the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such conditions, void against purchasers for a valuable consideration, mortgagees, landlords with liens, and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains. If before the payment of the purchase money or the sum or value stipulated the property is removed to another county, the contract must be again recorded, within three months from the time of such removal, in the county to which it is removed. And if any such property is brought into this state while subject to such conditions, the contract or sale, lease, hire, or rent, must, within three months thereafter, be recorded in the county into which the property is brought and remains. But where such contracts are for less than one thousand dollars in amount, they need not be filed for record as provided in this Section. (1939, p. 1006, § 1, appvd. July 11, 1940; 1943, p. 577, appvd. July 10, 1943; 1951, p. 584 appvd. July 26, 1951; 1953, p. 291, appvd. July 23, 1953; 1964, 1st Ex.Sess., No. 205, § 1, appvd. Sept. 1, 1964.)"

was to be determined by a construction of the written documents. This instrument was entitled "Mobile Home Lease with Option to Purchase." It provided for a lease by and between Best Trailer Sales, Inc., called lessor, and Charles E. Douglas (the bankrupt), as lessee, of personal or chattel property (hereafter called mobile home) and described by serial number and otherwise. The pertinent portions of the agreement are:

"1. Lessee agrees to pay a sum total of $--- as rental for the term of 4 months, in regular installments as more fully set forth below; the lease to begin on the 11th day of Nov. 1966, and to terminate on the 11th day of March, 1966.

"2. And further, in consideration of these covenants, the sum of $295.00 earnest money (the receipt of which it hereby acknowledged) and the further agreement by the Lessee to pay Lessor an additional $320.00, as earnest money, in regular installments, the Lessor does herewith grant to the Lessee the right to purchase the above described mobilehome for the sum of $2,595.00, plus necessary taxes and fees, said option to purchase to be exercised on or before the termination date of this lease. The Lessor agrees to accept a minimum of $615.00 as down payment, using, therefore, all amounts to be paid and which are to be set aside as earnest money and the Lessee, as purchaser, agrees to pay the balance in cash or to execute a chattel mortgage, conditional sales contract or such other form of agreement as may be required by law.

"3. Both the rent and earnest money is to be paid together in one lump sum in 16 regular consecutive weekly installments of $--- rent and $20.00, earnest money beginning 11–19–66 and shall be allocated and credited in accordance with this agreement.

"4. Should the right of purchase granted herein be not exercised (and all of the conditions for purchasing fully performed by said Lessee) on the termination of this lease, then said privilege to purchase shall thereupon wholly cease (but no liability to refund the earnest money paid therefore shall arise) and said Lessee shall forthwith surrender occupancy and the keys to the Lessor.

"11. A violation of any of the provisions of this contract by the Lessee, or any failure to pay the installment sum on the date due shall result, at the option of the Lessor, in the immediate termination of this lease in accordance with the statutes of this State but, however, the exercise of such termination by the Lessor shall not prevent the Lessee from exercising his right of purchase by tendering to the Lessor, within 48 hours after receiving notice to vacate, a sum of money, which when added to the amount then on credit and set aside as earnest money, shall equal the full purchase price set forth in paragraph two."

There can be no question but that the referee correctly construed the second date in paragraph 1 of the lease as March 11, 1967, instead of 1966, since that would correspond with the agreement for four months.

We agree with the conclusions of law by the referee that questions concerning necessity for recording contracts is determined by the laws of the state of Alabama, the place where the contract was executed, and possession of the property was delivered. However, the referee stated, "I do not find any Alabama court decisions construing contracts of this kind. There is no requirement under the state law to record a contract for lease, rent, or hire of personal property if the instrument is purely a rental agreement and nothing more." The trial court then said, "Whether this contract now under consideration is one of conditional sales or lease with right to purchase on payment of a fixed sum is immaterial. The court holds that this contract is governed by the provi-

sions of Section 131, Title 47, of the Code of Alabama."

As we read this statute, it makes a lease recordable only if it contains terms that provide "the property is delivered to another on condition that it *shall* belong to him whenever the amount paid shall be a certain sum of the value of the property." (Emphasis added). Here, it is perfectly clear that this contract contained no such provision. It contained only a provision giving the person to whom the house trailer was delivered *an option* to elect to consider the lease or sale during the life of the agreement and for awhile thereafter, but did not require him to do so. This was not a conditional sale, because there was no absolute agreement by the purchaser to pay the entire purchase price. Nor was it a lease with the provision that the leased property should belong to the lessee whenever the amount paid should be a certain sum. It was in between the two. It was a lease that contained the proviso that at any time during the term of the lease the lessee could elect to buy, whereupon the lessor would apply all the amounts paid as earnest money towards the purchase price and whereupon the lessee would be required either to "pay the balance in cash or to execute a chattel mortgage, conditional sales contract, or such other form of agreement as may be required by law." See paragraph 2 of the lease above.

We conclude that this case is controlled by Sherer-Gillet Company v. Pilsbury, 5 Cir., 269 F. 595. There, as here, there was the leasing of an article of personal property with an option in the lessee to acquire it at any time during the lease by paying the full amount of the lease agreed upon plus $10.00. This court held there that since the lessee had only an option to acquire it, until he exercised the option there was no obligation to pay the full "purchase" price, and, therefore, there was no conditional sale. We conclude that the recording statute in Alabama does not cover a contract of the type entered into here by the bankrupt. Thus, the failure to record does not deprive the claimant of its right to repossess from the trustee in bankruptcy.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.